UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASEY CARNEVALE; MICHAEL HUFFER; STEPHANIE MAJORS; CRAIG MCCARTHY,

                Plaintiffs,

-against-

SELLX, INC.; DEAN GLAS,

                Defendants.

24-cv-2365 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    On August 8, 2024, the parties advised the Court that they agreed to a settlement regarding plaintiffs' FLSA claims and submitted the proposed settlement agreement and memorandum of law addressing why the settlement should be approved. Dkt. 17.

    The FLSA settlement's key terms are a release by plaintiffs of any claims against defendants in exchange for a payment of $30,000, $10,000 of which will be paid to plaintiffs' counsel for costs and attorneys' fees. Dkt. 17 at 2. The agreements contain the following release clause:

> Plaintiff . . . releases and forever discharges Defendants-Releasees from all actions, causes of action, claims, and demands whatsoever, whether known or unknown, whether asserted or unasserted, in law or equity, whether statutory or common law, whether federal, state, local, or otherwise, including, but not limited to, any claims related to or arising out of any aspect of Plaintiff's employment with Defendants, any agreement concerning such employment, or the termination of such employment, which Plaintiff or her respective heirs, executors, administrators, successors, and assigns ever had, now have, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date of the respective Plaintiff's execution of this Settlement Agreement.

Dkt. 17-1 at 3-4; Dkt. 17-2 at 3-4; Dkt. 17-3 at 3-4; Dkt. 17-4 at 3-4.

    As the Court informed the parties in its order on July 10, 2024, Dkt. 16, the Court will not approve any settlement agreement that contains a release provision that releases claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there

are reasons, specific to the case, justifying such a broad release. *See, e.g.*, *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.DN.Y. 2015). The parties do not address why this broad release is justified. Nor do they explain in their letter whether they want this Court to consider for approval the settlement agreement with this provision stricken. *See* Dkt. 16 at 2.

Accordingly, the parties' request for this Court to approve the settlement is denied. The parties should review the Court's order, Dkt. 16, and submit a revised settlement agreement and joint letter by October 10, 2024.

SO ORDERED.

Dated: September 16, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge