UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASEY CARNEVALE; MICHAEL HUFFER; STEPHANIE MAJORS; and CRAIG MCCARTHY,

                Plaintiffs,

-against-

SELLX, INC. and DEAN GLAS,

                Defendants.

24-cv-2365 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

    According to the parties' *Cheeks* letter, Carnevale claims that defendants owe her unpaid wages of approximately $27,037.00; McCarthy claims $17,212.00; Huffer claims $25,146.00; and Majors claims $24,654.00. Dkt. 17 at 3. Assuming plaintiffs succeeded on these claims, they could then obtain "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). So the maximum recovery on the FLSA claims for each plaintiff is as follows: $54,074 for Carnevale; $34,424 for McCarthy; $50,292 for Huffer; and $49,308. And Carnevale could obtain further damages if she succeeded on her state law claims. *See* Dkt. 1 ¶ 111 (alleging that Carnevale is entitled under the New York Labor Law § 195(3) to $250 for each day that defendants did not provide her with accurate wage statements); *see also id.* ¶ 107 (alleging that Carnevale is entitled under the New York Labor Law § 195(1) to $50 for each day that defendants did not provide her with a wage notice).

    Under the settlement agreement, Carnevale will receive $5,750.00 after attorneys' fees and costs. Dkt. 19-1 at 2. McCarthy will receive $3,660.00. Dkt. 19-4 at 2. Huffer will receive $5,348.00. Dkt. 19-2 at 2. And Majors will receive $5,242.00. Dkt. 19-3 at 2. So each plaintiff will receive a little more than ten percent of their estimated maximum recovery.

    This is an low amount for FLSA settlements in this circuit. Courts routinely approve settlements "that provide around one-quarter or one-third of total alleged damages." *See Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020). In the rare circumstance when a court has approved a FLSA settlement that provides a plaintiff with around ten percent of their total alleged damages, it was clear that the plaintiff could not prove some of those damages, and the plaintiff "face[d] major factual and legal litigation risks" in proving the rest. *Id.* at 4-5.

    By **October 30, 2024**, the parties should submit a joint letter that addresses why the Court should approve such a low settlement. Are there "factual and legal litigation risks" here that the Court is not aware of? If not, can the parties point to other FLSA cases in which similar settlements were approved? And there's always the option of submitting an updated settlement that alleviates the Court's concerns.

    As for the attorneys' fees and costs in this case, plaintiffs' counsel should either submit contemporaneous billing records to support the reasonableness of their fee, *see Sanchez v. JPS*

*Ventures, Inc.*, 2024 WL 246437, at *2 (S.D.N.Y. Jan. 23, 2024), or explain in the letter why no review of their billing records is required, *see Guillermo v. Starting C & M Corp.*, 2024 WL 1859733, at *2 (S.D.N.Y. Apr. 29, 2024).

SO ORDERED.

Dated: October 22, 2024
       New York, New York

                                        ARUN SUBRAMANIAN
                                        United States District Judge