UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CASEY CARNEVALE; MICHAEL HUFFER; STEPHANIE MAJORS; and CRAIG MCCARTHY,<br><br>                      Plaintiffs,<br><br>        -against-<br><br>SELLX, INC. and DEAN GLAS,<br>                      Defendants. | 24-cv-2365 (AS)<br><br>MEMORANDUM OPINION<br>AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

## BACKGROUND

The parties in this action, brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.*, and the New York State Labor Law, N.Y. Lab. Law §§ 190 *et seq.*, §§ 650 *et seq.*, advised the Court that they agreed to a settlement. Dkt. 15. On August 8, 2024, the parties submitted the executed settlement agreement as well as a letter addressing why the settlement should be approved. Dkt. 17. The Court denied the parties' request for approval based on an overbroad release provision in the agreement. Dkt. 18. The parties submitted a revised settlement agreement on October 10, 2024. Dkt. 19. The settlement's key terms are a release by plaintiffs of all wage-and-hour claims against SellX and Glas in exchange for a total payment of $30,000, $10,000 of which will be paid to plaintiffs' counsel for costs and attorneys' fees. For the following reasons, the settlement is approved.

## LEGAL STANDARDS

In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit "held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020).

When evaluating the fairness of a settlement agreement, district courts consider the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012). These factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* at 335 (internal quotations omitted). "In addition, if

attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher*, 948 F.3d at 600.

## DISCUSSION

The Court has reviewed the motion, settlement agreement, and damages calculations. The Court has considered the factors set forth in *Wolinsky* and determines that the settlement and attorney's fees and costs are fair and reasonable.

### I.    Settlement

First, as to the possible range of recovery, Carnevale claims that defendants owe her unpaid wages of approximately $27,037.00; McCarthy claims $17,212.00; Huffer claims $25,146.00; and Majors claims $24,654.00. Dkt. 17 at 3. Assuming plaintiffs succeeded on these claims, they could then obtain "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). So the maximum recovery on the FLSA claims for each plaintiff is as follows: $54,074 for Carnevale; $34,424 for McCarthy; $50,292 for Huffer; and $49,308 for Majors. This is not inclusive of the damages that Carnevale could obtain if she succeeded on her state law claims. *See* Dkt. 1 ¶ 111 (alleging that Carnevale is entitled under the New York Labor Law § 195(3) to $250 for each day that defendants did not provide her with accurate wage statements); *see also id.* ¶ 107 (alleging that Carnevale is entitled under the New York Labor Law § 195(1) to $50 for each day that defendants did not provide her with a wage notice).

Under the settlement agreement, Carnevale will receive $5,750.00 after attorneys' fees and costs. Dkt. 19-1 at 2. McCarthy will receive $3,660.00. Dkt. 19-4 at 2. Huffer will receive $5,348.00. Dkt. 19-2 at 2. And Majors will receive $5,242.00. Dkt. 19-3 at 2. So each plaintiff will receive a little more than ten percent of their estimated maximum recovery.

Although this is low for FLSA settlements in this circuit, *see Zorn-Hill v. A2B Taxi LLC*, 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020), the circumstances justify the amount. The parties explain that they settled at a deep discount because SellX is defunct and Glas is unemployed. *See* Dkt. 21 at 1. Thirty-thousand dollars, which family members loaned to Glas for the purpose of settling this lawsuit, is all that defendants have in the bank. *See* Dkt. 21-1 ¶ 13. Plaintiffs say that they don't want to go through a protracted litigation just to get a higher judgment that defendants can't pay. *See Mendez v. MCSS Rest. Corp.*, 2022 WL 3704591, at *6 (E.D.N.Y. Aug. 26, 2022) (approving settlement that reflected a "reasonable assessment of the weight of the risks that would be incurred by further litigating th[e] matter," including "[d]efendants' likely difficulty in paying a higher judgment").

Second, this case is still at its early stages as the parties have not completed fact discovery. A settlement at this stage will both avoid the incurrence of additional expenses and any litigation risk that plaintiffs face in pursuing their claims. *See Ramirez v. AAM Rest. LLC*, 2021 WL 4238170, at *2 (S.D.N.Y. Aug. 2, 2021) (approving settlement and noting that "[i]f the litigation

were to continue, Defendants would have to expend time and money on further discovery, motion practice, and trial, thereby potentially diminishing amounts available to settle this case").

Third, "the settlement was a product of litigation, where both sides were represented by counsel." *Meigel v. Flowers of the World, NYC, Inc.*, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.* (quoting *Johnson v. Brennan*, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011)).

Finally, nothing suggests that the proposed settlement is tainted by "fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335. In addition, although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (noting that the fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the danger that the release was obtained through improper job-related pressure").

## II.    Attorneys' Fees and Costs

Plaintiffs seek approval of $10,000 in attorneys' fees and costs. The attorneys' fee represents approximately 33% of the $30,000 net settlement amount. *See Beckert v. Ronirubinov*, 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding attorneys' fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs."); *accord Morales v. MBG Taverns Inc.*, 2019 WL 13256262, at *1 (S.D.N.Y. June 24, 2019). The Court finds these fees to be reasonable.

First, courts in this Circuit have approved attorneys' fees of up to 36% of the recovery. *See Uribe v. Presitge Car Care of NY Inc.*, 2023 WL 5917550, at *1 (S.D.N.Y. Aug. 9, 2023) (approving FLSA settlement where the plaintiff's counsel received 36% of the settlement funds); *Kassman v. KPMG LLP*, 2021 WL 1393296, at *4 (S.D.N.Y. Apr. 12, 2021) (approving FLSA settlement where the plaintiff's counsel received 35% of the settlement funds).

In this situation, the Court "will not compare the one-third contingency payment to the actual hours expended by counsel—commonly called a 'lodestar cross check'—to determine the reasonableness of the fee as many courts do." *Almanzar v. Silver Star Props. Corp.*, 2023 WL 6979460, at *2 (S.D.N.Y. Oct. 24, 2023). Here, "the plaintiff and the attorney agreed in advance that the attorney would be entitled to one-third of the settlement as attorney's fees" and, in doing so, the attorney bore "the risk of having to litigate [a] case[] in which the recovery may not adequately compensate them for the time expended." *Id.* "Finding such contingency fee arrangements not 'reasonable' under *Cheeks* whenever the attorneys achieve a significant benefit

from the contingency arrangement will only serve to diminish the pool of attorneys willing to accept the risks in FLSA cases." *Id.*

## CONCLUSION

Accordingly, the Court approves the settlement and dismisses the case with prejudice. All pending motions are moot. The Clerk of Court is respectfully directed to terminate the case.

SO ORDERED.

Dated: October 31, 2024
         New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge